**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| MATTHEW HELFORD, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:14-CV-4539-L |
| | § | |
| CHEYENNE PETROLEUM COMPANY, | § | |
| et al., | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff Matthew Helford's ("Plaintiff") Motion to Remand [D.E. 18]

referred to the United States Magistrate Judge for hearing, if necessary, and proposed findings and

recommendation. *See* Order of Reference [D.E. 40]. The undersigned held a hearing on this motion

on August 3, 2015. Having considered the arguments of counsel, the briefs and the applicable law,

the undersigned respectfully recommends that the Court GRANT Plaintiff's Motion to Remand

[D.E. 18] and remand this case to the 191st Judicial District Court in Dallas County, Texas.

## BACKGROUND

Plaintiff is a self-employed landman whose principal function is to identify promising

mineral prospects for industry participants, typically for a fee. *See* 2d Am. Pet. [D.E. 1-4 at 4]. On

December 19, 2011, Plaintiff entered into a "Finder's Fee and Confidentiality Agreement" (the

"Agreement") with Charles D. Hutchison, on behalf of Caballito Resources Venture ("Caballito")

in order to facilitate such an arrangement. *See id.* [D.E. 1-4 at 4]. The Agreement stated that Plaintiff

will be paid $100.00 per acre as a finders fee for any non-producing property that (i) he

communicates to Caballito; and that (ii) Caballito or its "duly appointed affiliated company" or

"partner" elects to lease. *See id.* [D.E. 1-4 at 4]. In the event that such a transaction includes a royalty of 1/5th or less, the Agreement further provided that Plaintiff will be conveyed a 1.5% royalty interest. *See id.* [D.E. 1-4 at 4]. In 2012, Plaintiff brought to Hutchison's attention a number of properties for the purpose of potential leases pursuant to the Agreement. *See id.* [D.E. 1-4 at 4-6]. Plaintiff contends that at a meeting to discuss a lease for land, Huchison was introduced and was held out as a partner to Cheyenne Petroleum Company, Cheyenne Petroleum Company, LP, Cheyenne Energy Services, LLC, and Cheyenne International Corporation ("Defendants"). *See id.* [D.E. 1-4 at 5]. Plaintiff contends that throughout their dealings, Defendants "continued to be Caballito's 'duly appointed affiliated company' or 'partner' within the meening of the Agreement." *See id.* [D.E. 1-4 at 7]. Plaintiff contends that Defendants purchased one of the properties he identified for approximately $90 million, but that he was not paid the $367,070.00 finders fee or 1.5% royalty interest owed under the Agreement. *See id.* [D.E. 1-4 at 8].

Plaintiff originally filed suit in the 218th Judicial District Court in Atascosa County, Texas against Caballito, Cheyenne Petroleum Company, Cheyenne Petroleum Company, LP, and Cheyenne International Corporation. *See* Pl.'s Br. [D.E. 19 at 10]. Caballito, Cheyenne Petroleum Company, Cheyenne Petroleum Company, LP, and Cheyenne International Corporation filed motions to transfer the case to Dallas County. *See id.* [D.E. 19 at 10]. The parties subsequently entered into an agreement to transfer the case to Dallas County wherein Cheyenne Petroleum Company, Cheyenne Petroleum Company, LP, and Cheyenne International Corporation waived their rights to remove the case to federal court. *See id.* [D.E. 19 at 10]. Specifically, counsel of record for Cheyenne Petroleum Company, Cheyenne Petroleum Company, LP, and Cheyenne International Corporation stated in an e-mail on October 29, 2014 stating, "We are amenable to an agreed transfer of venue, and are willing

to waive our right to removal in the case in order to reach an agreement to transfer venue in Dallas County." *See* Pl.'s Ex. [D.E. 19-1 at 2]. On October 31, 2014, the parties entered into a Rule 11 Agreement wherein Plaintiff agreed to transfer the case to Dallas County in exchange for the agreement by Cheyenne Petroleum Company, Cheyenne Petroleum Company, LP, and Cheyenne International Corporation as follows:

> to clearly and unequivocally waive their right, if any, to remove the case to federal court, should diversity jurisdiction ever exist, should a federal question ever be raised, or should there be any other reason which would otherwise make the case otherwise potentially removable to federal court at any time throughout the pendency of the litigation.

*See id.* [D.E. 19-2 at 1]. Plaintiff subsequently entered into a mutual release with Caballito, whereby Plaintiff resolved his claims against Caballito and Caballito released its claims against Plaintiff in a separately filed declaratory judgment action that was pending in County Court at Law #5 in Dallas County, Texas. *See* Pl.'s Br. [D.E. 19 at 12]. On December 5, 2014, Plaintiff filed his Second Amended Petition and added Cheyenne Energy Services, LLC as a defendant. *See id.* [D.E. 19 at 12]. On December 29, 2014, Cheyenne Energy Services, LLC filed its notice of removal to federal court based on diversity of citizenship under Title 28, United States Code, Section 1332(a). *See* Notice of Removal [D.E. 1].

On January 21, 2015, Plaintiff filed his motion to remand arguing that Cheyenne Petroleum Company, Cheyenne Petroleum Company, LP, and Cheyenne International Corporation could not consent to remove to federal court because they agreed by contract to waive that right. *See* Pl.'s Br. [D.E. 19 at 17-18]. Plaintiff also seeks attorneys' fees under Title 28, United States Code, Section 1447(c) ("Section 1447(c)") because he contends that Defendants lacked an objectively reasonable basis for seeking removal given that Cheyenne Petroleum Company, Cheyenne Petroleum Company,

3

LP, and Cheyenne International Corporation contractually waived their right to removal. *See id.* [D.E. 19 at 21-22]. On February 11, 2015,Cheyenne Petroleum Company, Cheyenne Petroleum Company, LP, and Cheyenne International Corporation filed their response arguing that Plaintiff's motion to remand should be denied because: (1) Plaintiff engaged in forum manipulation; (2) the Rule 11 Agreement is not enforceable because Cheyenne Petroleum Company, Cheyenne Petroleum Company, LP, and Cheyenne International Corporation's right to remove the case did not exist at the time the agreement was signed; and (3) even if the terms of the Rule 11 Agreement constitutes a forum selection clause, it is not enforceable because it is unjust, unreasonable, the result of overreaching or fraud, and against public policy. *See* Defs.' Resp. [D.E. 26 at 9-19]. On February 22, 2015, Cheyenne Energy Services, LLC filed its response arguing that the Rule 11 Agreement: (1) does not expressly exclude the ability of any of the defendants from consenting to any effort by another defendant who was not a party to the Rule 11 Agreement; (2) is not the result of a contract or a bargain between the parties to subsequent litigation; (3) does not select a forum for disputes between the parties or identify such a forum; and (4) demonstrates Plaintiff's counsel's calculated efforts to use Caballito for forum manipulation. *See* Def.'s Resp. [D.E. 22 at 8-9].

## STANDARD OF REVIEW

A civil action pending in state court may be removed by a defendant to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). However, original jurisdiction of federal courts is limited. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal courts only possess power authorized by the Constitution and statute. *See id.* The party "invoking federal court removal jurisdiction, bear[s] the burden of establishing that [the] court has jurisdiction over the claims." *Samsung Austin Semiconductor, LLC v. Integrated Airline Servs.*,

No. 4:12-CV-688-A, 2013 WL 105380, at *2 (N.D. Tex. Jan. 9, 2013) (citing *Carpenter v. Wichita*

*Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995); *Willy v. Coastal Corp.*, 855 F.2d 1160,

1164 (5th Cir. 1988)). "[B]ecause the effect of removal is to deprive the state court of an action

properly before it, removal raises significant federalism concerns. . . . The court, therefore, must

strictly construe the removal statute." *Id.* "[A]ny doubt about the propriety of removal must be

resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir.

2007).

It is well established that "under 28 U.S.C. § 1446(a), removal procedure requires that all

defendants join in the removal petition." *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992)

(internal quotations and citation omitted). This is known as the "unanimous consent" rule. *Id.* at 169.

"[A] principal reason for the unanimity-of-removal requirement is to prevent individual defendants

from splitting the plaintiff's claim between state and federal for[ums]." *Carr v. Mesquite Indep. Sch.*

*Dist.*, 3:04-CV-239-D, 2004 WL 1335827, at *2 (N.D. Tex. June 14, 2002) (citing *Chicago, Rock*

*Island & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900)). "A defendant has no right to say that

an action shall be several which a plaintiff elects to make joint." *Martin*, 178 U.S. at 248.

## DISCUSSION

### Motion to Remand

This case should be remanded to state court because Cheyenne Petroleum Company,

Cheyenne Petroleum Company, LP, and Cheyenne International Corporation cannot join in the

removal of Cheyenne Energy Services, LLC.

The Fifth Circuit has made clear that where one defendant has waived its right to
remove, that defendant cannot join the notice of removal of another defendant. . . .
This rule "follows logically from . . . the fact that a defendant may waive removal by

proceeding in state court . . . and [is consistent with] the axiom that the removal statutes are to be strictly construed against removal." . . . The Fifth Circuit has rejected arguments that this rule is unfair to other defendants who, having done nothing to waive their own removal rights, are nevertheless barred from removing a case. . . . In fact, the circuit court has suggested that it would be unfair to allow a defendant, after knowingly waiving its right to proceed in federal court, to avoid the consequences of its decision by joining a subsequent notice of removal.

*Ondova Ltd. Co. v. Manila Indus., Inc.*, 3:07-CV-1812-D, 2007 WL 4104192, at \*3 (N.D. Tex. Nov. 19, 2007) (citing *Brown v. Demco, Inc.*, 792 F.2d 478, 481-82 (5th Cir. 1986)). Cheyenne Petroleum Company, Cheyenne Petroleum Company, LP, and Cheyenne International Corporation "clearly and unequivocally waive[d] their right[s], if any, to remove the case to federal court . . . should there be any [] reason which would [] make the case . . . removable to federal court at any time throughout the pendency of the litigation." *See* Pl.'s Ex. [D.E. 19-1 at 2]. Therefore, it would be contrary to logic, as Judge Fitzwater explains, for the defendants to be able to subsequently join the removal of another defendant when they gave up their right to remove to federal court.

Cheyenne Petroleum Company, Cheyenne Petroleum Company, LP, and Cheyenne International Corporation argue that Judge Fitzwater's opinion in *Ondova* is inapplicable because it was issued prior to the 2011 amendments to the removal statute. *See* Defs.' Br. [D.E. 26 at 17-18]. The removal provision at issue, Title 28, United States Code, Section 1446(c) ("Section 1446(c)") states that "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." Section 1446(c) does not state, as Defendants argue, that a defendant who has waived its right to removal can consent to removal initiated by a later served defendant. It merely states that a defendant who did not previously initiate or consent to removal can later change its mind and consent to removal. However, Cheyenne

6

Petroleum Company, Cheyenne Petroleum Company, LP, and Cheyenne International Corporation could not change their minds and later consent to removal because they gave up that right in order to proceed in Dallas state court. While Judge Fitzwater's opinion in *Ondova* discusses waiver of removal rights, Section 1446(c) does not discuss such a waiver. Therefore, the Court cannot read such language into the statute where it does not exist, because such a construction would be contrary to the requirement that the Court strictly construe the removal statutes and resolve doubts regarding the propriety of removal in favor of remand.

Further, while Defendants argue that Plaintiff engaged in fraud and forum manipulation by naming Caballito as a defendant when Plaintiff had no intentions of proceeding against it, Defendants must have contemplated at the time that they entered into the Rule 11 Agreement, especially given the level of sophistication of their counsel, that scenarios could arise where the case would become removable to federal court or else Plaintiff would not have bargained for Defendants' waiver of this right as consideration for moving the case to a Dallas state court. In order to "demonstrate that [Caballito was] fraudulently joined . . . defendants must establish 'that there is no possibility that [Plaintiff] would be able to establish a cause of action against [Caballito] in a state court." *Carr*, 2004 WL 1335827, at *1 (citing *Farias v. Bexar County Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991); *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549-50 (5th Cir. Unit A 1981)). Given that the Agreement pursuant to which Plaintiff seeks to hold Defendants liable for the finders fee and royalty interest was executed by Plaintiff and Caballito, it is unlikely that Defendants could make such a showing. With respect to Defendants' argument that they could not have waived the right to remove the case to federal court because they did not have such a right when they entered into the agreement, the parties' specifically contemplated and

7

contracted for scenarios where the right to remove to federal court would arise. *See* Defs.' Br. [D.E. 26 at 13]; Pl.'s Ex. [D.E. 19-2 at 1]. If the defendants entered into the Rule 11 Agreement believing that Plaintiff could not enforce their waiver of the right to remove to federal court when such a waiver was offered in consideration of moving the case to Dallas, the defendants would have been the parties engaging in forum manipulation and/or fraud.

## Attorneys' Fees

Plaintiff argues that he is entitled to attorneys' fees because Defendants lacked an objectively reasonable basis for seeking removal. *See* Pl.'s Br. [D.E. 19 at 21]. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court has the discretion to award attorneys' fees under Section 1447(c). *See Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997); *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993). The ultimate question considered by the Court when awarding fees under Section 1447(c) is "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of removal. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292-93 (5th Cir. 2000). The undersigned came to the conclusion that this case should be remanded based on the interpretation of Section 1446 within the context of case law in the Fifth Circuit. While the undersigned was not ultimately convinced by Defendants' arguments regarding the 2011 amendments to Section 1446, the parties' persuasive arguments warranted thoughtful consideration of the issues presented. Therefore, the undersigned recommends that the Court decline to award Plaintiff attorneys' fees at this time.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT** Plaintiff's Motion to Remand [D.E. 18] and remand this case to the 191st Judicial District Court in Dallas County, Texas.

**SO RECOMMENDED**, this 6th day of August, 2015.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).