IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MATTHEW HELFORD,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-4539-L** |
| | § | |
| **CHEYENNE PETROLEUM COMPANY; CHEYENNE INTERNATIONAL CORPORATION; CHEYENNE PETROLEUM COMPANY, LP; and CHEYENNE ENERGY SERVICES, LLC,** | § § § § § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand (Doc. 18), filed January 21, 2015. On August 6, 2015, Magistrate Judge Paul D. Stickney entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 47), recommending that the court grant Plaintiff's Motion to Remand and remand this case to the 191st Judicial District Court of Dallas County, Texas. The magistrate judge also recommended that the court deny Plaintiff's request for attorney's fees. Defendants Cheyenne Energy Services, LLC; Cheyenne Petroleum Company, LP; and Cheyenne International Corporation filed objections to the Report to which Matthew Helford ("Plaintiff" or "Helford") responded. Cheyenne Petroleum Company did not file objections to the Report.

**I.    Motion to Remand, Report, and Objections**

The magistrate judge determined that remand was warranted because, in expressly waiving their right to remove the case to federal court, Cheyenne Petroleum Company; Cheyenne Petroleum Company, LP; and Cheyenne International Corporation also waived their right to join

**Memorandum Opinion and Order – Page 1**

in and consent to the subsequent removal to federal court by Cheyenne Energy Services, LLC, a later-added and served defendant. In its objections, Cheyenne Energy Services, LLC contends that: (1) the implicit finding in the Report that the Rule 11 Agreement (the "Agreement") between Plaintiff and all Defendants, other than Cheyenne Energy Services, LLC, included a valid and enforceable forum selection clause is erroneous; (2) by agreeing not to remove the case to federal court, Cheyenne Petroleum Company, LP and Cheyenne International Corporation did not waive their right under section 28 U.S.C. § 1446(b)(2)(C) to consent to the removal of the action by Cheyenne Energy Services, LLC; and (3) the Report incorrectly focuses on the equities to Plaintiff while disregarding the equities to Cheyenne Energy Services, LLC, the later-added defendant that was not a party to the Agreement.

Cheyenne Petroleum Company, LP and Cheyenne International Corporation filed separate objections to the Report. They contend in their objections to the Report that: (1) the magistrate judge erred in relying on *Ondova Ltd. v. Manila Indus., Inc.*, 3:07-CV-1812-D, 2007 WL 4104192, at*3 (N.D. Tex. Nov. 19, 2007) (citing *Brown v. Demco, Inc.*, 792 F.2d 478, 481-82 (5th Cir. 1986)), because it was decided before the enactment of the 2011 amendments to 28 U.S.C. § 1446;[1] (2) Cheyenne Petroleum Company; Cheyenne Petroleum Company, LP; and Cheyenne International Corporation could not have waived their right to initiate removal or their right to consent to the removal by later-added Defendant Cheyenne Energy Services, LLC, when they executed the Agreement because it was executed before the case became removable; (3) the determination that section 1446 does not permit a defendant that has waived its own right to remove to consent to another defendant's removal does not comport with the 2011 amendments to

---

[1] This objection is quite beside the point because the court in no way relies on *Ondova* in reaching its decision. The court's ruling is based on its reading and interpretation of 28 U.S.C. § 1446(b)(2)(C), the waiver doctrine, and existing precedent. *Ondova* simply does not come into play in the court's analysis as to whether this action should be remanded.

**Memorandum Opinion and Order – Page 2**

section 1446; (4) the Report incorrectly conflates a defendant's right to remove and its ability to consent to removal by another defendant; (5) the Report misinterprets the bargained-for rights in the Agreement and impermissibly broadens the intent of Defendants Cheyenne Petroleum Company; Cheyenne Petroleum Company, LP; and Cheyenne International Corporation in entering the Agreement; and (6) the effect of the Report's recommendation contravenes Congress's intent in enacting the 2011 amendments to section 1446 and public policy.

The court does not construe the Report as expressly or implicitly finding that the Agreement includes a valid and enforceable forum selection clause. The magistrate judge instead determined that the Agreement of Cheyenne Petroleum Company; Cheyenne Petroleum Company, LP; and Cheyenne International Corporation not to remove the case to federal court at any time in the future, even if it became removable, is binding and encompassed these Defendants' right to join in or consent to removal by later-added Cheyenne Energy Services, LLC. The court, therefore, **overrules** Cheyenne Energy Services, LLC's forum selection clause objection.

Moreover, the court agrees with the magistrate judge's determination that the waiver provision of the Agreement entered into between the parties on October 31, 2014, and at issue precluded Cheyenne Petroleum Company; Cheyenne Petroleum Company, LP; and Cheyenne International Corporation from joining in or consenting to removal by Cheyenne Energy Services, LLC. The court reaches this conclusion based on its interpretation of 28 U.S.C. § 1446(b)(2)(C), which provides, "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." This provision simply allows an earlier-served defendant to consent to a removal filed by a later-served defendant even if that earlier-served defendant did not initiate or consent to removal at an earlier time when the

case may have been removed. In other words, this statutory provision gives the earlier-served defendant a second chance or "bite at the apple" to consent to the removal if that defendant did not previously initiate or consent to removal. The question that the court must decide is the validity and scope of the waiver, and the court concludes that neither the language of the statute nor legislative history supports the contention that section 1446 as amended in December 2011 was intended to apply to a case in which a defendant engages in affirmative conduct and expressly and unequivocally agrees to waive its right to remove, even if the case later becomes removable.

"[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). That parties may waive statutory or constitutional rights is so well-settled in American jurisprudence that no citation to authority is needed. The question in this case is the effect, if any, that the 2011 amendments have on the waiver entered into between Plaintiff and the initial Cheyenne Defendants, and the court concludes that the 2011 amendments do not affect a valid contractual waiver.

Helford and the initial Cheyenne Defendants entered into the Agreement by letter on October 31, 2014. The Agreement provided, in relevant part, as follows:

> Please allow this correspondence to serve as a Rule 11 memorialization of the parties' agreement concerning the pending Motion to Transfer Venue in this case.
>
> Plaintiff agrees to the transfer of the case (currently in state Court in Atascosa County) to Dallas County (state District Court). Your clients (the Cheyenne Defendants) agree to clearly and unequivocally waive their right, if any, to remove the case to federal court, should diversity jurisdiction ever exist, should a federal question ever be raised, or should there be any other reason which would otherwise make the case otherwise potentially removable to federal court at any time throughout the pendency of the litigation.

Agreement 1. The Agreement was signed by Plaintiff's counsel, Mr. Robert E. Wolf. Mr. Wolf signed Ms. Chelsen Keeton's, one the initial Cheyenne Defendants' counsel, name to the Agreement with her permission.

Subsequent to the Agreement, the action was transferred from the 218th Judicial District Court, Atascosa County, Texas, to the 191st Judicial District Court, Dallas County, Texas. On December 5, 2014, Helford filed Plaintiff's Second Amended Original Petition and added Cheyenne Energy Services, LLC, as a defendant. On December 29, 2014, Cheyenne Energy Services, LLC removed the action to federal court, and the initial Cheyenne Defendants filed Notices of Consent to the removal. Helford filed a motion seeking remand to state court, arguing that the initial Cheyenne Defendants could not consent to removal because they had contractually waived the right to consent to removal.

The language in the Agreement regarding the waiver by the initial Cheyenne Defendants is clear and unequivocal. The initial Cheyenne Defendants unmistakably relinquished and gave up their right to remove the case to federal court on the basis of federal question and diversity jurisdiction. Further, the Agreement clearly and unequivocally bars removal based on any other reason that would otherwise potentially make the case removable during the pendency of the litigation. The latter clause of the waiver provision informs the court that the parties' clear objective was a waiver of *any act, circumstance, or reason* that might allow the case to be removed to federal court, and that objective necessarily includes the waiver of consent by the initial Cheyenne Defendants that were previously served. In other words, the initial Cheyenne Defendants not only waived their right to remove but also waived any act or reason that would allow the case to be removed to federal court. The Agreement is a contractual waiver, and the initial Cheyenne Defendants relinquished their right to consent to removal in exchange for the case

**Memorandum Opinion and Order – Page 5**

being transferred from a state district court in Atascosa County to a state district court in Dallas County.

"For a contractual clause to prevent a party from exercising its right to removal, the clause must give a 'clear and unequivocal' waiver of that right." *City of New Orleans v. Municipal Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (citing *McDermott Int'l, Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199, 1212-13 (5th Cir. 1991)). "A party may waive its right[ ] [to removal] [1] by explicitly stating that it is doing so, [2] by allowing the other party the right to choose venue, or [3] by establishing an exclusive venue within the contract." *City of New Orleans*, 376 F.3d at 504. The initial Cheyenne Defendants chose the first option and explicitly included the scope of their waiver in the Agreement. The waiver set forth in the Agreement, therefore, is valid and legally binding against the initial Cheyenne Defendants.[2]

Moreover, it logically and necessarily follows that the initial Cheyenne Defendants waived their ability to consent to a later removal because of the "unanimous consent" rule, which provides that all defendants that have been properly joined and served must join in or consent to the removal of an action. 28 U.S.C. § 1446(b)(2)(A). The requirement that all defendants join in or consent to the removal of an action was well-established in this circuit long before the 2011 amendments to section 1446; *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992) (citations omitted); and nothing in the 2011 amendments changes this requirement. Compliance with the "unanimous consent" rule was the "other reason" or act that would potentially make the action removable to federal court. Thus, the initial Cheyenne Defendants knew at the time the Agreement was made that their consent would be required for a later-served defendant to remove the action; however, they

---

[2] The court also holds that the contractual waiver is not ambiguous, as its meaning is not susceptible to more than one reasonable interpretation; and its meaning is not doubtful or uncertain. *Coker v. Coker*, 650 S.W.2d 391, 93-94 (Tex. 1983).

**Memorandum Opinion and Order – Page 6**

expressly and unequivocally waived their right to consent to removal by a later-served defendant. As the initial Cheyenne Defendants expressly waived their right to remove and their right to give consent to removal, their purported Notices of Consent are legally invalid. Accordingly, since Cheyenne Energy Services, LLC, has not obtained the legal consent of all defendants, the removal is procedurally defective, and this action must be remanded to the 191st Judicial District Court of Dallas County, Texas.

As a final matter, the court addresses the contention that the magistrate judge incorrectly focused on the equities to Plaintiff while disregarding the equities to Cheyenne Energy Services, LLC. Cheyenne Energy Services, LLC, misapprehends the relevant law. As stated before, the "unanimous consent" rule is well-established and requires all defendants that have been properly joined and served to consent to removal. That the initial Cheyenne Defendants voluntarily elected to bargain away their right to remove and their right to consent to the removal of the action by a later-served defendant is no fault of Helford. It is the initial Cheyenne Defendants' waiver that prevents them from giving consent to the removal. For the court to hold otherwise would be contrary to well-established law and allow later-served defendants to use legal prestidigitation to avoid legally binding contracts.

## II.    Attorney's Fees and Costs

Plaintiff seeks attorney's fees and costs incurred for obtaining a remand of this action to state court pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Bad faith is not "a prerequisite to awarding attorney fees and costs." *Id.* (citation omitted). "Absent

unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). In this regard, the court must decide "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of removal, "irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes*, 199 F.3d at 293.

Helford filed no objection to the magistrate judge's recommendation that his request for attorney's fees and costs be denied. Moreover, after a careful consideration of the entire record and because of a lack of authority by the Fifth Circuit addressing the key issue in this case, the court, although not ultimately convinced by Defendants' arguments regarding consent and the 2011 amendments to section 1446, concludes that a reasonable person could arguably believe that Cheyenne Energy Services, LLC, had objectively reasonable grounds to believe removal was legally proper. Accordingly, the court will deny Plaintiff's request for attorney's fees and costs.

## III.  Conclusion

After considering the motion, briefs, pleadings, record in this case, applicable law, Report, the Cheyenne Defendants' objections, and Plaintiff's response, the court determines, for the reasons stated, that the findings and conclusions of the magistrate judge regarding Plaintiff's Motion to Remand are correct. The court further determines that the findings and conclusions of the magistrate judge regarding attorney's fees, which were not objected to by Plaintiff, are correct. The court, therefore, **accepts** the findings and conclusions of the magistrate judge as those of the court; **overrules** Defendants' objections; **grants** Plaintiff's Motion to Remand (Doc. 18); **denies** Plaintiff's request for attorney's fees; and **remands** this action to the 191st Judicial District Court

of Dallas County, Texas, from which it was removed. The clerk of the court **shall** effect the remand in accordance with the usual procedure. The clerk **shall** also **term** Defendants Cheyenne Petroleum Company and Cheyenne International Corporation's Motion to Dismiss under Rule 12(b)(6) (Doc. 10).

**It is so ordered** this 30th day of September, 2015.

*Sam A. Lindsay*
United States District Judge

**Memorandum Opinion and Order – Page 9**